1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (State Bar No. 215888)
   433 North Camden Drive, Suite 600
3  Beverly Hills, CA 90210
   Telephone:  310.887.1440
4  Facsimile:   310.496.1420

5  Attorneys for Plaintiff
   MITZI SIRACUSA and TONY SIRACUSA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITZI SIRACUSA and TONY SIRACUSA,<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES AUTO WHOLESALERS AND RECOVERY SERVICES, INC. dba L.A.W. RECOVERY; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-8787<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND CONVERSION**<br><br><u>DEMAND FOR JURY TRIAL</u> |

**COMPLAINT**

Plaintiffs Mitzi Siracusa and Tony Siracusa complain against defendants Los Angeles Auto Wholesalers and Recovery Services, Inc. dba L.A.W. Recovery and Does 1 through 10, inclusive, as follows:

**Jurisdiction and Venue**

1.   The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Central District in that, among other things, a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District.

## Parties

3. Plaintiffs are natural persons residing in Los Angeles County, California.

4. Defendant L.A.W. Recovery is a California corporation with its principal place of business in Los Angeles, California. L.A.W. Recovery is a "repossession agency" as defined in California Business and Professions Code § 7500.2.

5. Plaintiff does not know the true names, identities, and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of defendants sued herein as Does 1 through 10, inclusive, when plaintiff discovers such information.

6. At all times mentioned herein, defendants were the agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiffs.

## Operative Facts

7. Plaintiffs are a married couple. Pursuant to a retail installment sale contract, Ms. Siracusa purchased a motor vehicle on credit for primarily for personal, family or household purposes. The purchase of the vehicle was financed through GM Financial. Both plaintiffs used and had an ownership interest in the vehicle.

8. GM Financial hired L.A.W. Recovery to conduct the nonjudicial ("self-help") repossession of plaintiffs' vehicle, allegedly for a payment default. Doe Defendants Nos. 1 and 2 are male employees and/or agents of L.A.W. Recovery, and at all times, were acting within the course and scope of such agency or employment.

9. On or about October 21, 2016, Mr. Siracusa came out of a store and saw Doe Defendants Nos. 1 and 2, dressed in plain clothes, and an unmarked tow truck near plaintiffs' vehicle in the parking lot. Nothing indicated to Mr. Siracusa that Doe Defendants Nos. 1 and 2 were repossession agents.

10. Mr. Siracusa approached his vehicle and asked Doe Defendants Nos. 1 and 2 what was happening. Doe Defendant No. 1 responded that defendants were repossessing the vehicle. Mr. Siracusa asked Doe Defendants Nos. 1 and 2 for their names and the name of their company, which they refused to provide.

11. Mr. Siracusa told the Doe Defendants that he wished to retrieve some personal property from the vehicle, including the telephone number for GM Financial so that Mr. Siracusa could contact it to confirm the alleged repossession. Mr. Siracusa attempted to enter his vehicle three times. Each time, Doe Defendant No. 1 forcefully shoved Mr. Siracusa back, away from his vehicle.

12. Fearing for his safety, Mr. Siracusa called the police. While on the phone with the police dispatcher, Mr. Siracusa proceeded to the rear of the vehicle and opened its trunk to see if Doe Defendants Nos. 1 and 2 had removed any personal property from the vehicle. While Mr. Siracusa was searching for items in the trunk, Doe Defendant No. 2 attempted to slam the trunk on Mr. Siracusa's arms and hands. Mr. Siracusa narrowly avoided physical injury. At the same time, Doe Defendant No. 1 continued to taunt Mr. Siracusa, saying things like, "Oh, you gonna give me the eye now, like you are a tough guy."

13. The police dispatcher asked for the vehicle's license plate number. When Mr. Siracusa tried to give it to the dispatcher, Doe Defendant No. 2 stood on top of him and yelled into the phone, so the numbers could not be heard.

14. The above-described acts by defendants amounted to a breach of the peace, in violation of Commercial Code § 9609(b) and the Collateral Recovery Act, Cal. Bus. & Prof. Code § 7508.2(d). The breach of the peace occurred before

defendants gained entry to the vehicle, the vehicle was connected to any tow truck, the vehicle had been moved, or defendants had gained control of the vehicle.

15. The police arrived and retrieved Mr. Siracusa's property from the vehicle. Mr. Siracusa called GM Financial and was put on hold for a lengthy period of time, during which time defendants completed the unlawful repossession of plaintiff's vehicle. Defendants also seized plaintiffs' personal property inside the vehicle.

16. After the unlawful repossession, defendants falsely represented to GM Financial that Mr. Siracusa had used racial epithets towards Doe Defendant No. 1, in an effort to delay or eradicate plaintiffs' ability to obtain possession of their vehicle. Defendants also refused to allow plaintiffs to pick up their vehicle despite plaintiffs having paid all amounts and done all things required to obtain possession of their vehicle, requiring plaintiffs to make an "appointment" at a later date. Defendants' obstructionist and unlawful conduct caused plaintiffs to miss their daughter playing in a league tennis championship. Furthermore, defendants threatened plaintiffs that if Mr. Siracusa accompanied Ms. Siracusa to pick up the vehicle, defendants would deny them the right to obtain possession of the vehicle and immediately send it to auction. Defendants did not intend to, and could not lawfully, deny plaintiffs possession of their vehicle or send it to auction because plaintiffs had paid all amounts and done all things required to obtain possession of their vehicle.

17. Plaintiffs have suffered damages as a direct and proximate result of defendants' conduct. Plaintiff lost the use of their vehicle. Moreover, when plaintiffs finally were able to get their vehicle back, they discovered personal property had been taken from the vehicle, including personal checks. Plaintiffs had to incur bank charges in stopping payment on the missing checks. Moreover, plaintiffs suffered and continue to suffer emotional distress, including fear that defendants could return to cause further harm to plaintiffs and/or their family.

**First Claim for Relief – Violations of The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.**

**(By Plaintiffs Against All Defendants)**

18. Plaintiffs reallege and incorporate herein by reference each and every paragraph set forth above.

19. Congress has found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collectors contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id., § 1692(e).

20. Each plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) who allegedly owed a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

21. 15 U.S.C. § 1692f(6)(A) provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

          (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest[.]

22. Defendants did not have a "present right" to possession of plaintiffs' vehicle if there was breach of the peace. See Cal. Comm. Code § 9609(b). Defendants committed a breach of the peace by engaging in the conduct alleged herein. Defendants violated § 1692f(6)(A) by thereafter taking and threatening to take nonjudicial actions to effect the repossession of the vehicle without a present right to possession of the vehicle, due to the breach of the peace.

23. As a direct and proximate result of defendants' violations of the FDCPA, plaintiffs have been damaged in amounts which are subject to proof.

24. Plaintiffs are entitled to recover their actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

25. Plaintiffs are entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

26. Plaintiffs are entitled to recover their attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, plaintiffs pray for relief as set forth below.

**Second Claim for Relief – Violations of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.**

**(By Plaintiffs Against All Defendants)**

27. Plaintiffs reallege and incorporate herein by reference each and every paragraph set forth above.

28. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civ. Code § 1788.1(a)(2). The Legislature thus enacted California's Rosenthal Fair Debt Collection Practices Act, Civ. Code §§ 1788, et seq.

("Rosenthal FDCPA"), to ensure the integrity of California's banking and credit industry. Id., § 1788.1(b).

29. Each plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that each plaintiff is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal FDCPA to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civ. Code § 1788.2(d).

30. At all times relevant, defendants were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due or owing by reason of a consumer credit transaction.

31. Defendants violated the provisions of Civil Code § 1788.10(a) by using, or threatening to use, physical force or violence or any criminal means to cause harm to the person, or the reputation, or the property of any person.

32. Defendants violated the provisions of Civil Code § 1788.10(c) by communicating, or threatening to communicate, to any person the fact that a debtor has engaged in conduct, other than the failure to pay a consumer debt, which defendants knew or had reason to believe would defame the debtor.

33. Defendants violated the provisions of Civil Code § 1788.10(e) by threatening to any person that nonpayment of a consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, when such action was in fact not contemplated by defendants and permitted by law.

34. Defendants violated the provisions of 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. By violating the provisions of § 1692d,

defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiffs are entitled to the remedies set forth in 15 U.S.C. § 1692k.

35. Defendants violated the provisions of 15 U.S.C. § 1692d(1) by using or threatening to use violence or other criminal means to harm the physical person, reputation, or property of any person. By violating the provisions of § 1692d(1), defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiffs are entitled to the remedies set forth in 15 U.S.C. § 1692k.

36. Defendants violated the provisions of 15 U.S.C. § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt. By violating the provisions of § 1692e, defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiffs are entitled to the remedies set forth in 15 U.S.C. § 1692k.

37. Defendants violated the provisions of 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. By violating the provisions of § 1692e(5), defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiffs are entitled to the remedies set forth in 15 U.S.C. § 1692k.

38. Defendants violated the provisions of 15 U.S.C. § 1692e(7) by falsely representing or implying that Mr. Siracusa committed any crime or other conduct in order to disgrace Mr. Siracusa. By violating the provisions of § 1692e(7), defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiffs are entitled to the remedies set forth in 15 U.S.C. § 1692k.

39. Defendants violated the provisions of 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt. By violating the provisions of § 1692e(10), defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiffs are entitled to the remedies set forth in 15 U.S.C. § 1692k.

40. Defendants violated the provisions of 15 U.S.C. § 1692f(6)(A) by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. By violating the provisions of § 1692f(6)(A), defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiffs are entitled to the remedies set forth in 15 U.S.C. § 1692k.

41. As a direct and proximate result of defendants' violations of the Rosenthal FDCPA, plaintiffs have been damaged in amounts that are subject to proof.

42. Plaintiffs are entitled to recover their actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

43. Defendants' violations of the Rosenthal FDCPA were willful and knowing. Plaintiffs are entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

44. Plaintiffs are entitled to recover their attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiffs pray for relief as set forth below.

### Third Claim for Relief – Conversion
### (By Plaintiffs Against All Defendants)

45. Plaintiffs reallege and incorporates herein by reference the allegations of all paragraphs above.

46. Plaintiffs were entitled to immediate possession of their vehicle and the personal property therein when the vehicle was repossessed by defendants.

47. Defendants wrongfully deprived plaintiffs of possession of the vehicle and the personal property therein by repossessing it without any present right to do

so, and by thereafter wrongfully retaining possession of the vehicle and the personal property taken with the vehicle during the unlawful repossession.

48. As a direct and proximate result of defendants' conduct, plaintiffs have suffered damages in an amount to be determined according to proof.

49. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294, thereby entitling plaintiffs to punitive damages in an amount according to proof. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiffs with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE, plaintiffs pray for relief as set forth below.

## **Prayer for Relief**

WHEREFORE, plaintiffs pray for the following relief:

1. For actual damages according to proof;
2. For statutory damages to the extent permitted by law;
3. For punitive damages to the extent permitted by law;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of her attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

///
///
///

## **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: November 28, 2016

Respectfully submitted,

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

By: /s/
    Brandon Block

Attorneys for Plaintiff
MITZI SIRACUSA and TONY SIRACUSA